NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1356

EVOLVING PROPERTIES LLC

vs.

LIANN DIMARE[1] & others;[2] KIM MULLIGAN, defendant-in-counterclaim.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This case arises out of an agreement between the parties to purchase, renovate, and "flip" a condominium.[3]  The plaintiff, Evolving Properties LLC (Evolving),[4] commenced an action in Superior Court against the defendants, Liann DiMare, doing

---

[1] Doing business as Lili Pad Properties 401K PSP.

[2] Lili Pad Properties 401K PSP and Liann DiMare, as trustee of Lili Pad Properties 401K PSP.

[3] "Flipping" has been defined as "where a seller purchases a property, renovates it, and may incidentally live at the property . . . before he or she is able to sell the property, but where it is evident from the circumstances that it was not intended as a long term residence."  Sullivan v. Five Acres Realty Trust, 487 Mass. 64, 70 (2021).

[4] Kim Mulligan, Evolving's manager, was later added as a party as a defendant-in-counterclaim.

business as and as trustee of Lili Pad Properties 401K PSP, and Lili Pad Properties 401K PSP (collectively, Lili Pad), alleging breach of contract, unjust enrichment, and wrongful foreclosure, and seeking declaratory judgment and partition of the property. Lili Pad counterclaimed, alleging breach of promissory note, breach of memorandum of sale, negligent misrepresentation, trespass, intentional interference with business relations, unjust enrichment, and conversion. The parties also brought claims against each other pursuant to G. L. c. 93A.

At trial, the parties submitted several claims to the judge on directed verdict motions and agreed that certain others could be decided by the judge prior to the jury verdicts, with the remainder to be submitted to the jury.[5] The judge found in favor of Lili Pad on the claims for breach of promissory note, wrongful foreclosure, and breach of memorandum of sale. The jury found for Evolving on its breach of contract claim.[6]

---

[5] The parties waived written findings of fact and rulings of law by the judge under Rule 20(2)(h) of the Rules of the Superior Court (2018). Although the judge nevertheless issued a written "decision on claims" dated the day after the jury verdicts, there is no dispute that the judge rendered his decisions the day before the parties made closing arguments to the jury. Lili Pad did not submit the claims for trespass, intentional interference, and conversion to the judge or jury. The judge concluded that neither party proved a violation of G. L. c. 93A.

[6] The jury found for Lili Pad on its counterclaim for unjust enrichment.

2

Evolving appeals the judge's verdicts in favor of Lili Pad for wrongful foreclosure, breach of promissory note, and breach of memorandum of foreclosure sale, as well as for declaratory judgment that Lili Pad's foreclosure was valid.  We affirm.

Background.  In October 2017, Evolving signed an offer to purchase a condominium at 63 Decarolis Drive in Tewksbury (property) for $203,000.  Following the offer to purchase, Evolving contacted Lili Pad about a loan.  Evolving subsequently signed a promissory note for a $101,000 loan (promissory note) from Lili Pad.  Although the parties dispute the purpose of this loan, the promissory note stated that the proceeds "shall be used for commercial purposes only, namely the Renovation of the real estate located at 63 DECAROLIS DR., Tewksbury, MA."  The promissory note required Evolving to repay the loan either upon the sale of the property or in one year, whichever occurred first.

Evolving and Lili Pad also entered an agreement, memorialized in a series of emails, to partner on the project of flipping and reselling the property (partnership agreement).[7]  In November 2017, Evolving purchased the property using the money from the promissory note to fund its share of the purchase

_____

[7] At trial, Lili Pad initially disputed whether the parties ever formed a contract to flip the property together but later agreed there was a contract and disputed only certain terms.

3

price.  Lili Pad paid the remainder of the purchase price and associated closing costs.  Evolving granted Lili Pad a $101,000 mortgage on the property to secure the promissory note and recorded the mortgage in the Middlesex Registry of Deeds.

Almost immediately after the closing, the parties began to disagree about their roles in the renovation of the property. As a result, Evolving attempted to renegotiate the terms of the partnership in December 2017.  When the promissory note became due in November 2018, Evolving had not repaid any portion of it. Kim Mulligan testified at trial that she sought to sell the property to pay the promissory note but was not able to because Liann DiMare withheld consent.

By June 2019, Evolving still had not repaid the promissory note, and Lili Pad moved to foreclose on the property.  After the foreclosure notice, in June 2019, Evolving paid $78,000 toward the promissory note.  In July 2019, Lili Pad conducted a foreclosure sale for the property.  Evolving was the highest bidder at the auction with a bid of $190,000, and the parties executed a memorandum of foreclosure sale (memorandum of sale).[8] However, Evolving became concerned that Lili Pad did not have good title and would not comply with the terms of the memorandum

---

[8] Mulligan bid at the foreclosure sale in her personal capacity.  However, neither party makes substantive arguments about this distinction on appeal.

4

of sale.  Thereafter, Lili Pad declined Evolving's request for a two-week extension of the closing and instead sent a default notice.  In September 2019, Lili Pad acquired title to the entire interest in the property after Evolving failed to close the transaction.  At the time, Mulligan's daughter lived at the property, and she remained there after the foreclosure and until the time of trial in September 2023.

Discussion.  1.  Waiver.  Evolving argues that implicit in the jury's determination that Lili Pad breached the partnership agreement was a finding that Lili Pad forced Evolving to breach the promissory note by preventing the sale of the property.  Evolving further contends that the judge did not account for this "implicit finding" by the jury, thereby rendering the judge's verdicts for Lili Pad on the claims and counterclaims related to the promissory note and foreclosure of the property inconsistent with the jury's verdict.  We conclude that Evolving waived this argument by failing to raise it at trial.  See Luppold v. Hanlon, 495 Mass. 148, 165 (2025) (failure to raise legal argument at trial ordinarily results in waiver).

To begin, Evolving agreed that the judge would decide the claims relating to the promissory note.  After the judge announced his verdicts, the parties discussed jury instructions

5

and the verdict slip.[9]  The judge stated that he would tell the jury that "Lili Pad lawfully foreclosed."  The judge's draft instructions regarding breach of the partnership agreement did not include Lili Pad's alleged refusal to sell the property. Furthermore, the judge declined to include a question on the verdict slip on whether Lili Pad refused to sell the property. Evolving did not object to the instructions as proposed or to the verdict slip.  Consistent with the charge conference, the judge did not instruct the jury about Evolving's assertion that Lili Pad forced a breach of the promissory note by preventing the sale of the property.  To the contrary, the judge told the jury that Lili Pad "lawfully foreclosed . . . because Evolving Properties failed to pay the full amount on the promissory note, and the condition of the title was not a valid defense."  Again, Evolving did not object.  Nor did Evolving object when the judge instructed the jury to disregard Evolving's mention of the promissory note during closing argument and explained again that "the foreclosure was lawful."  Finally, Evolving did not seek to clarify whether the jury's verdicts were based on Lili Pad's forced breach of the promissory note or otherwise to correct any

---

[9] Evolving conceded at oral argument that the plaintiffs' brief erroneously described the chronology of the verdicts.  As noted above, the judge decided the outcome of all non-jury claims and directed verdict motions the day before the jury returned their verdicts.

perceived inconsistency between the jury's and judge's verdicts before the jury were discharged. See Service Publ., Inc. v. Goverman, 396 Mass. 567, 573 (1986) (objection to verdicts as inconsistent must be raised before jury discharged "when there [is] time to correct the verdicts").

In sum, in the absence of timely objection to the judge's verdict, the jury instructions, the verdict slips, or the jury verdict, Evolving waived the argument that the judge's verdict on the promissory note was inconsistent with the jury's verdict on the partnership agreement.[10]

2. Inconsistent verdicts. Even if the issue were not waived, we disagree with Evolving's contention that the verdicts were inconsistent. Evolving argues that the partnership agreement and the promissory note were so intertwined that the jury's verdict necessarily reflected a determination that Lili Pad forced Evolving to breach the promissory note by refusing to cooperate in the sale of the property. Thus, Evolving argues, the jury's verdict in its favor was inconsistent with the judge's verdicts in favor of Lili Pad on the promissory note claims. However, the judge found as a matter of law that the

_____

[10] Lili Pad argues in its brief that to the extent the inconsistent verdict issue was not waived, the jury damage award against Lili Pad was unsupported by the evidence. Because we conclude the issue was waived, and Lili Pad did not provide proper notice of a cross-appeal, we need not address this issue.

partnership agreement and promissory note were separate contracts.  As we noted above, the jury were instructed not to consider the promissory note.  We presume that the jury followed the judge's instruction and did not factor the promissory note into the verdict for the partnership agreement.  See David v. Kelly, 100 Mass. App. Ct. 443, 451 (2021) (juries presumed to follow judge's instructions).

We are not persuaded by Evolving's contention that the amount of damages the jury awarded necessarily included a finding that Lili Pad induced Evolving to breach the promissory note.  "To constitute inconsistent verdicts, it must be shown that the verdicts are based on inconsistent findings of fact." Service Publ., Inc., 396 Mass. at 573 n.8.  Where there is a "reasonable view of the evidence which harmonizes the answers," a verdict is not inconsistent.  Palriwala v. Palriwala Corp., 64 Mass. App. Ct. 663, 673 (2005), quoting Technical Facilities of Am., Inc. v. Joseph T. Ryerson & Son, Inc., 24 Mass. App. Ct. 601, 605 (1987).  In the absence of a special verdict, we cannot speculate about exactly how the jury arrived at the damage figure.  See Dalessio v. Dalessio, 409 Mass. 821, 829 (1991).  However, the jury's award to Evolving for Lili Pad's breach of the partnership agreement reasonably could have been based, as counsel for Evolving informed the judge during the charge

conference, on "the costs, the repairs, and the lost profits that [Evolving] would've realized from the sale of the property."  Such a determination would raise no inherent factual inconsistency between the jury verdict for Evolving on the partnership agreement claim and the judge's verdicts for Lili Pad on the promissory note and foreclosure claims.[11]

Judgment affirmed.

By the Court (Grant,
Brennan & Smyth, JJ.[12]),

Clerk

Entered:  November 26, 2025.

---

[11] Lili Pad's request for attorney's fees incurred in defending this appeal is denied.

[12] The panelists are listed in order of seniority.